FILED
United States Court of Appeals
Tenth Circuit

March 21, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

ACXEL BARRERA-MUNOZ,

        Defendant-Appellant.

No. 12-2207
(D.C. No. 1:11-CR-01065-MV-2)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **O'BRIEN** and **HOLMES**, Circuit Judges.


This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Acxel Barrera-Munoz's plea agreement.  The

defendant pleaded guilty to possession with intent to distribute five kilograms or

more of cocaine.  His applicable advisory guideline sentencing range was 121 to

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

151 months' imprisonment, and he was sentenced below this range to the minimum mandatory sentence of 120 months' imprisonment.

Pursuant to his plea agreement, the defendant waived "the right to appeal [his] conviction(s) and any sentence and fine within or below the applicable advisory guideline range as determined by the Court." Attach. 1 to Mot. to Enforce (Plea Agreement) at 8. The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, the defendant's counsel filed a motion to withdraw and an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines case and determines that appeal would be wholly frivolous). Counsel states that the only arguable nonfrivolous issue presented in the record is ineffective assistance of trial counsel, but counsel acknowledges those arguments should be raised in a collateral proceeding under 28 U.S.C. § 2255, rather than on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995) (recognizing that, with rare exceptions, "claims of constitutionally ineffective counsel should be brought on collateral review"). This court gave the defendant an opportunity to file a pro se response to the motion to enforce. *See Anders*, 386 U.S. at 744. The deadline has passed and, to date, the defendant has not filed a response.

Under *Anders*, we have reviewed the motion and the record and we conclude that the requirements for enforcing the plea waiver have been satisfied. *See Hahn*,

359 F.3d at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights). Accordingly, we grant the motion to enforce the appeal waiver, grant counsel's motion to withdraw, and dismiss the appeal.

Entered for the Court
Per Curiam